PATTERSON, Justice.
This appeal arises from a final decree of the Chancery Court of George County, Mississippi, denying a petition for adoption filed by the paternal grandparents of Timothy Kelly Hall, six years of age, and Anna Maria Hall, four years of age, the children of petitioners’ son, David Alton Hall, and the respondent, Sonja Tanner Hall. The father of the children consented to their adoption, but respondent objected thereto. The adoption of the children by the paternal grandparents was denied, leaving custody with the mother pursuant to a former decree which awarded custody to her in a divorce proceeding between her and the father.
The petition for adoption alleged in somewhat indefinite terms that the respondent had abandoned her children. It also alleged that the mother was mentally and morally unfit to have custody of the children. The chancellor ruled that the question of abandonment was not properly before the court because of insufficient allegations in regard thereto, and restricted the hearing to the question of moral fitness. The appellants contend that the court erred in excluding the issue of abandonment and in finding the mother morally fit. They maintain that the overwhelming evidence showed both an abandonment of the minor children by the mother and her unfitness, both moral and mental, to have the care, custody and control of them.
We have carefully considered the allegation of abandonment and have concluded that the lower court did not err in excluding the issue of abandonment as this charge was insufficiently pled. It is not alleged that the mother relinquished parental control either by design or by gross neglect. The allegation at most charges neglect over a short period, and this Court in Wright v. Fitzgibbons, 198 Miss. 471, 477, 21 So.2d 709, 710 (1945) held:
Abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child.
Neither can we say, after thoroughly studying the testimony, that the chancellor was manifestly wrong in finding the mother morally fit. On .the contrary, much of the testimony is so incredible that we are convinced the chancellor reached the proper result. It is significant that none of this testimony was offered in the divorce suit which was heard only a short time prior to this proceeding, and which had as one of its aspects the care, custody and control of these children. A finding on disputed facts by a trial judge of many years experience whose very office dedicates him to doing that which is in the best interests of children cannot and should not be lightly set aside. This Court will not reverse the decision of the chancellor on a finding of fact unless it is apparent that his finding was manifestly wrong. Schillereff v. Adamany, 240 Miss. 275, 127 So.2d 392 (1961).
The assignments of error are not well taken and the cause is hereby affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, IN-ZER, and ROBERTSON, JJ., concur.